ALPHA LUX CO., INC. *v.* UNITED STATES (No. 4224)[1]

United States Court of Customs and Patent Appeals, November 1, 1939

*Puckhafer, Rode & Rode* (*George J. Puckhafer,* of counsel) for appellant.
*Webster J. Oliver,* Assistant Attorney General (*Richard F. Weeks,* special attorney, and *Alfred A. Taylor, Jr.,* junior attorney, of counsel), for the United States.

[1] C. A. D. 79.

[Oral argument October 5, 1939, by Mr. Puckhafer and Mr. Weeks]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court in a suit against the United States brought by appellant to recover money alleged to have been illegally exacted by the Collector of Customs on certain imported merchandise agreed by the parties to be bauxite residue.

The merchandise is described in the protests as "spent iron ore"; in the entries as "crude iron ore"; in the invoices as "Bauxite Ore or Crude Iron Ore or Gas Purifying Material." The appraiser's special reports describe it as gas-purifying material similar to that which was the subject of Abstract 3627, a residue largely of oxide of iron, a waste from the extraction of aluminum from crude bauxite ore.

The goods were assessed for duty by the collector at the rate of 10 per centum ad valorem under paragraph 1555 of the Tariff Act of 1930 as "waste, not specially provided for."

Appellant claimed in its protests that the merchandise was free of duty under paragraph 1664 of the said act as "Metallic mineral substances in a crude state, such as drosses, skimmings, residues, * * * not specially provided for." Other claims were made but not relied upon.

The cases were consolidated for trial and submitted for judgment solely upon the record made by the following stipulation:

It is stipulated and agreed by and between the parties that the merchandise assessed with duty at 10% ad valorem as waste, not specially provided for, under the provisions of paragraph 1555, Tariff Act of 1930, consists of bauxite residue similar in all material respects to the bauxite residue held dutiable at 10% under the provisions of paragraph 1457, Tariff Act of 1922, in the case of Biddle W. Allen & Co. v. The United States, Abstract decision number 3627, protest number 57153G, the record of which case is incorporated herein.

\*        \*        \*        \*        \*        \*        \*

The testimony in the Allen case, supra, which is included in the record in the instant case discloses that bauxite residue was imported and classified by the collector as bauxite ore and assessed for duty at the rate of $1 per ton under the Tariff Act of 1922. In that case the plaintiff claimed it to be free of duty under various paragraphs or dutiable at 10 per centum ad valorem as waste under paragraph 1457, or as a nonenumerated raw or unmanufactured article under paragraph 1459 of the said act.

The there imported merchandise, according to the record, was a residue which remained after there had been taken from bauxite ore

oxide of alumina, from which metal aluminum is made, and sulphate of alumina (alum). The said ore, which is a clay, was processed for the chief purpose of obtaining the two mentioned products. The ore contained from about 55 to 65 per centum of oxide of alumina. The residue, which contained about 17 per centum oxide of alumina, was used for removing hydrogen sulphite from illuminating gas. The court held the merchandise to be dutiable as waste not specially provided for as claimed, which said finding the trial court herein stated necessarily involved a finding that bauxite residue was not a metallic mineral substance.

Appellant apparently acquiesces in that holding, for its contention here is merely that the Tariff Act of 1930 so changed its prototype paragraph 1562 of the said act of 1922 that the finding in the said *Allen* case, *supra*, cannot apply.

Paragraph 1664 of the present tariff act reads:

PAR. 1664. Metallic mineral substances in a crude state, such as drosses, skimmings, residues, brass foundry ash, and flue dust, not specially provided for.

Paragraph 1562 of the Tariff Act of 1922 is as follows:

PAR. 1562. Metallic mineral substances in a crude state, and metals unwrought, whether capable of being wrought or not, not specially provided for.

We agree with the trial court that had the change in the act of 1922 merely gone to the extent of eliminating the second clause of paragraph 1562, *supra*, that many drosses, skimmings, and other residues would have been made dutiable.

The Congress, however, clearly intended that these substances should continue to be held duty free and inserted the *eo nomine* designation in the act of 1930.

There can be no doubt but that said paragraph 1562, *supra*, provided for substances containing metal as such. *Hempstead* v. *United States*, 122 Fed. 538; *American Smelting & Refining Co.* v. *United States*, 12 Ct. Cust. Appls. 212, T. D. 40226.

Paragraph 1664 of the present act provides for the admission, duty free, of crude metallic mineral substances. These substances are illustratively enumerated. The involved merchandise is not a metallic mineral substance nor is it derived from a metallic mineral substance.

There is nothing in the record to show commercial designation. Therefore, the common meaning must prevail. That bauxite is an ore and, as such, a mineral is conceded by the Government. But all minerals are not metallic. In Funk & Wagnalls New Standard Dictionary the word "metallic" is defined as follows:

Metallic. Being, containing or having the characteristics of a metal; as a metallic mineral.

There are several mineral substances (ores) in which metal, as such, is found. Congress, however, did not provide in paragraph 1664, *supra*, for all crude mineral substances. Out of all crude mineral substances it carved for the free list crude metallic mineral substances.

A review of the scientific authorities reveals that bauxite is not a metallic mineral substance but is a mineral containing chemical elements which must be processed in order that a metal may be produced. It is obvious, therefore, that bauxite is a mineral containing chemical elements rather than a metallic mineral substance. See "Industrial Uses of Bauxite," by Knibbs; "Metals and Their Alloys," by Vickers; "Bauxite and Aluminous Laterite," by Fox.

Appellant contends that bauxite ore is a recognized metallic mineral substance because it is listed in the "Mineral Resources of the United States, 1931" (issued by the United States Bureau of Mines), under the classification "Minerals Product, Metallic." However, an examination of the said book discloses that it is not a scientific treatise concerned with the composition of metals, that it does not purport to be such, and that it is merely a compilation of the metals and minerals produced in the United States, which are divided, for purposes of convenience, into metallic products; that is, those minerals containing metals in their free state and mineral substances containing chemical elements, as distinguished from nonmetallic mineral products; that is, those minerals from which metals cannot be produced. We conclude, therefore, that the aforesaid book does not, in any manner, sustain appellant's contention that bauxite is a metallic mineral substance because the classification of minerals used in the book is so broad that no distinction is made between metallic mineral substances and mineral substances containing chemical elements which must be processed in order that metals may be produced.

Therefore, on the basis of judicial precedent, *Hempstead* v. *United States, supra; American Smelting & Refining Co.* v. *United States, supra*; and upon a review of the scientific authorities, the conclusion must be that the classification by the collector was correct.

We believe that the context of paragraph 1664 of the Tariff Act of 1930 is clear and unambiguous, but assuming that it is not, the legislative history of the above paragraph supports our reasoning and conclusion.

For the reasons set forth herein the judgment is *affirmed*.